# Order

Michigan Supreme Court
Lansing, Michigan

June 10, 2016

149516

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

BONNIE BLACK, as Next Friend of JESSICA
BITNER, a Minor,
           Plaintiff-Appellee,

v

WILLIAM SHAFER, MARY SHAFER, and
IAN GEARHART,
           Defendants,
and

ANTHONY SHAFER,
           Defendant-Appellant.

SC: 149516
COA: 312379
Wayne CC: 11-010645-NO

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the March 25, 2014 judgment of the Court of Appeals, and we REINSTATE the June 8, 2012 order of the Wayne Circuit Court granting summary disposition in favor of defendant Anthony Shafer. "To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Latham v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340 (2000). Assuming that the defendant owed the plaintiff a legal duty and that duty was breached, the plaintiff's claim fails as a matter of law because the plaintiff cannot establish that any such breach constituted a proximate cause of the plaintiff's injuries.

" 'Proximate cause' is a legal term of art that incorporates both cause in fact and legal (or 'proximate') cause." *Craig v Oakwood Hosp*, 471 Mich 67, 86 (2004). This Court has defined "proximate cause" as "that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred." *McMillian v Vilet*, 422 Mich 570, 576 (1985). "An

intervening cause breaks the chain of causation and constitutes a superseding cause which relieves the original actor of liability, unless it is found that the intervening act was 'reasonably foreseeable.' " *Id.* If reasonable minds could not differ regarding the proximate cause of a plaintiff's injury, courts should decide the issue as a matter of law. *Farmer v Christensen*, 229 Mich App 417, 424 (1998).

In the instant case, the defendant's conduct pertaining to the shotgun did not constitute a proximate cause of the plaintiff's injury, as Ian Gearhart's subsequent actions in picking up the shotgun again after he returned to the garage, cycling a shell in the chamber of the shotgun, and pulling the trigger constituted an intervening cause of the plaintiff's injury, which broke the chain of causation and relieved the defendant of any liability. Gearhart's intervening conduct with regard to the shotgun was not reasonably foreseeable. Thus, because reasonable minds could not differ that the plaintiff cannot establish causation under the specific circumstances of this case, her claim fails as a matter of law. In light of this disposition, we decline to address the remaining issues presented in our order granting leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 10, 2016



t0608

Clerk